State *ex rel.* Cary D. Landis, Att'y Gen'l,
v. R. E. L. Pryor.

151 So. 392. .
Division A.
Opinion Filed Dec. 4, 1933.

*John M. Murrell,* for Relator;

*Henry H. Cole* and *Waller & Pepper,* for Respondent.

Ellis, J.—This Court issued a writ of quo warranto against R. E. L. Pryor to determine by what authority the Respondent claims to exercise the office, franchise, liberties and powers of member and Chairman of the Republican Executive Committee of the State of Florida. The information merely charges that Pryor attempts to "hold such office and enjoy such authority" without lawful authority. The information was filed February 29, 1932.

The Respondent interposed a plea to the writ in which was averred the procedure followed under the provisions of Sections 345, 356, 359, 361, 383, 388, 407, 408, 421 and 423, Compiled General Laws, by which the Republican Party became technically a political party in Florida, and

he became a candidate for membership on the State Executive Committee from Hillsborough County, his name became printed on the official ballot for the Republican Party, and the making and filing with the clerk all the affidavits of campaign expenses and a statement of the names of his political workers and the consideration on which their work was done.

It is averred that a primary election was duly held, respondent received a plurality of the votes cast for the position he sought, a certificate of his election issued by the proper authorities, his services on the Committee and his election as Chairman.

A demurrer to the plea was interposed. The substance of the demurrer is that the plea merely states a conclusion; that no facts are averred from which the "court can gather any defense to the information"; that the certificate of election or a certified copy of it is not attached to the plea; that copies of the expense accounts are not attached to the plea; that the plea does not aver that the respondent filed a sworn statement showing the names of the political workers in his behalf. Objection is also made to paragraph ten of the plea which avers generally that the respondent was lawfully elected and that all things were done and performed legally and regularly to his election.

The brief for the Attorney General states the question presented to be whether a demurrer to a plea to an information in the nature of quo warranto which fails to set out the defendant's title to office at length, or is not responsive to the information, should be sustained. The question stated is in the alternative or more properly as a disjunctive proposition. Either one of the propositions must be answered in the affirmative if the plea is within

the range of either proposition. See State v. Gleason, 12 Fla. 190 (text 265).

The plea is not amenable to the criticism contained in the statement of the question of law involved, as a reading of the plea will disclose.

The plea contains a complete recital in detail of all the necessary facts leading up to and through the final certification of Respondent's election. Issue could be joined upon those averments of fact. The Relator requires that the evidence of those facts should be furnished, as that certified copies of the campaign expenses, a list of the names of the workers for Respondent in the campaign, and a copy of the certificate of election should be attached to the plea and made a part of it or recited *in extenso* in the plea. That is unnecessary. The plea sets out in detail the ultimate facts constituting the defendant's title to the office. The applicability of Section 8180 C. G. L 1927 is not apparent. That section prescribes a penalty for willfully violating any provision of the primary law and is a criminal statute. The penalties and forfeitures prescribed follow upon a conviction of the offense. Under Section 361 C. G. L. 1927 the selection of a committeeman at a primary election constitutes an election of such person and not a nomination.

The demurrer to the plea is overruled. Relator allowed fifteen days to join issue on the plea.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.

BROWN, J., absent and not participating because of illness.