STATE, *ex rel.* ION L. FARRIS v. CLYDE H. SIMPSON, D. C. BROWN, J. F. HAMMOND, W. R. RITTER, and H. H. BURNS, as and constituting the Board of County Commissioners of Duval County, Florida.

155 So. 831.

En Banc.

Opinion Filed June 22, 1934.

*Crawford & May,* for Relator;

*Julian E. Fant,* for Respondents.

BUFORD, J.—The statement of the case before us is presented in the opinion prepared by Mr. Justice BROWN.

We can not concur in the conclusion reached by Mr. Justice BROWN. Sec. 299, R. G. S., was in part as follows:

"Nomination to be Made in Primary Election. — The nomination of all candidates for all elective State, Congressional and County offices, for United States Senator, and for the election of members of the State, Congressional and County Executive committees, by all political parties as defined by this Article, shall be made in the manner provided in this Article, and not otherwise."

This section was not changed by Chapter 13761, Acts of 1929.

Section 305, R. G. S., which was Section 7 of Chapter 6469, Acts of 1913, provides as follows:

"Organization of Committees; Powers, Proxies allowed.

—The State Executive Committee shall consist of one member from each county in the State, who shall be elected for two years at the primary held in the year 1914, and every two years thereafter. The members of said Executive committee shall, within thirty days after their election, meet and organize by electing from among their number a chairman and such other officers as they may deem necessary or expedient. The outgoing Chairman of the State Executive committee of each party shall, not less than ten days before the first meeting, notify each newly elected member of said committee of the time and place of said meeting."

Now, the purpose of Chapter 6469, *supra,* was to effectuate a nomination or election, or, in other words, the selections of the party in a single election instead of in a primary consisting of two elections.

When Chapter 6469, *supra,* was amended by Chapter 13761, Acts of 1929, the language as above quoted from Section 305, R. G. S., was reenacted without change.

It is clear from the language used in Chapter 6469 that the word "nomination" was meant to include and mean "election" where applicable as such. Otherwise, there is no provision in the Act for qualification, placing the names on ticket or for canvass of ballots and return of result of election of candidates for election to the positions of committeemen. See Sec. 326, R. G. S., 383 C. G. L.; 351 R. G. S., 408 C. G. L.; Sec. 354, R G. S., 411 C. G. L. See also Sec. 12, Chapter 13761, *supra,* which is identical in this respect with Sec. 351, R. G. S.

Section 18 of Chapter 13761, *supra,* provides as follows:

"The primary election required by this Act, except as herein otherwise provided, shall be held and conducted in accordance with the provisions of Article 1, Chapter 1, of Title 4, First Division of Compiled General Laws of Florida,

1927; provided, however, that County Commissioners and members of the Board of Public Instruction shall be nominated by the several districts of the county instead of by the county at large."

It is contended that Section 17, Chapter 13761, *supra,* is conclusive of the legislative intent that committeemen should be elected in the first primary election. We do not think it has any reference to election or selection of committeemen. The purpose of this section was to require that all those things theretofore required to be done antecedent or subsequent to the primary should be done antecedent or subsequent to the first primary election, unless otherwise provided by the Act. It had no relation to the vote required to effectuate the party selection.

Now, Section 356, R. G. S., 412 C. G. L., provides:

"In the event more than one candidate is to be nominated for the same office and there are more candidates than should be nominated therefor, there shall be as many groups of candidates for that particular office as there are candidates to be nominated, and each candidate for such office, in addition to the sworn statement required by Sec. 326, shall indicate therein the group in which he desires his name to appear on the ballot, and said groups shall be numerically designated; Provided, however, that candidates for delegates to the national conventions shall not be nominated by groups, but by a plurality vote."

This was not changed by Chapter 13761, *supra.*

So it is that it appears to us quite clear that Chapter 13761 provided for a second or run-off election to take the place of the second-choice vote which had been provided for under Chapter 6469, Acts of 1913, and nothing more.

Under the provisions of Chapter 6469, *supra,* if there were more than two candidates for the position of State com-

mitteeman and neither received a majority of the first-choice votes, then the second-choice votes which appeared on ballots where first-choice vote was for one not one of the two high men but which second-choice vote was for one of the two high men, were tabulated and counted as a vote for the candidate designated and thus, by a combination of first and second-choice votes cast respectively for the two high men, the result was determined.

The legislative Act of 1929 indicates no intent on the part of the Legislature to direct the election of committeemen by first-choice or first-election votes, unless a majority vote is reflected in such first election.

It is insisted that to issue the alternative writ of mandamus will cause confusion. That is true, but not to issue it will deprive the people of the sacred right to select their political party representatives in the manner provided by law. The question has been presented to us in orderly procedure. It is our duty to enunciate the law as we find it.

Motion to quash should be denied and the cause dismissed without prejudice.

WHITFIELD and TERRELL, J. J., concur.

ELLIS and BROWN, J. J., and JOHNSON, Circuit Judge, dissent.

DAVIS, C. J., disqualified.

BROWN, J. — The petition for the alternative writ of mandamus in this case alleges that in the primary election held in Duval County on June 5, 1934, there were eight candidates for member of State Executive Committee, of the Democratic Party, who duly qualified and their names were printed on the ballots. The two condidates receiving the largest number of votes were Albert E. Barrs and Ion L. Farris, the former receiving more votes than the latter, but neither Barrs nor Farris received a majority of all the votes

cast. The relator prayed for an alternative writ of mandamus, directed to the members of the Board of County Commissioners of Duval County, commanding them to provide ballots to be issued in the primary election of the Democratic party to be held on June 26, 1934, upon which ballots shall be printed the name of said Albert E. Barrs and relator as candidates for member of the State Executive Committee of the Democratic Party for Duval County. Alternative writ was issued by this Court as prayed and the respondents have filed a motion to quash said writ upon the ground that it affirmatively appears from the allegations therein contained that Albert E. Barrs was duly *elected* in the primary election of the Democratic Party held on June 5, 1934, and that the alternative writ fails to show any breach of duty imposed by law on respondents.

The question thus raised has been ruled upon adversely to the contentions of the relator, both by the present Attorney General, Hon. CARY D. LANDIS, and by his predecessor, Hon. FRED H. DAVIS, the present Chief Justice of this Court, in an opinion written by the latter on June 9, 1930, and appearing in the Biennial Report of the Attorney General for the years 1929-1930, at page 319.

We have not before us a copy of the opinion of the present Attorney General, but we have the printed record of the opinion of his predecessor, which reads in part as follows:

"June 9, 1930.

"Dear Sir:

"Complying with request for my opinion as to whether or not Section 3 of Chapter 13761, Acts of 1929, contemplates the election of members of the party Executive Committee therein mentioned by a plurality or majority vote, I beg to advise as follows:

"Section 361 of the Compiled General Laws, as amended by Section 3 of Chapter 13761, Acts of 1929, provides for State, County and Congressional Executive Committee members and refers to their *election* in the Primary (note the use of the singular word Primary) held in the year 1914 and every two years thereafter. At the time Section 361 of the Compiled General Laws was originally enacted, only one Primary was contemplated by the law. In reenacting Section 361 as a part of the 1929 Primary law, the Legislature uses the word "Primary" and not the word "Primaries," as it evidently would have done had the statute contemplated that candidates for election to Committee membership should be subject to both the first and second Primary, which were brought back into effect by the 1929 Act. Section 18 of Chapter 13761, Acts of 1929, provides that the election required by the 1929 Act shall be held and conducted in accordance with the General election laws of the State of Florida.

"Section 3 of Chapter 13761 provides for the *election,* not *nomination,* of members of State, County and Congressional Committees. Section 14 of the Act, in requiring that candidates must receive a majority vote in the first Primary or run over again in the second Primary, makes particular reference to *nominated* and not *elected* candidates. Section 347 of the Compiled General Laws, which is a part of the General Election laws of the State provides that where a person is to be *elected,* that person who shall receive the highest number of votes cast for an office shall be deemed elected to such office.

"Construing Section 347 of the Compiled General Laws in connection with Section 361 of the Compiled General Laws as amended by Section 3 of Chapter 13761, Acts of 1929, as well as Section 18 of the same Act, it appears to

me that insofar as members of State, County and Congressional Executive Committee of political parties are concerned, the person who shall receive the highest number of votes cast for such position in the first primary are to be deemed *elected* as Committee members, and consequently no second primary is necessary, even though the person who receives the highest number of votes for such Committee position did not receive a majority of the votes cast therefor.

"Both the Chairman of the Democratic Executive Committee of the State of Florida and the Chairman of the Republican Executive Committee of the State of Florida, these being the only political parties at present governed by the Florida Primary law, take the position that a plurality vote in the first Primary is all that is required to elect members of party Executive Committees under the 1929 Primary law. I consequently see no reason why their opinions in the matter should not be given the great weight and respect to which they are entitled as indicated by the Supreme Court in a recent case where the Court held that a practical construction placed upon a statute by those who were affected by it, should be followed where not wholly inconsistent with an otherwise clearly expressed intent. (Italics supplied.)

In the case of State, *ex rel.* Landis, Attorney General, v. Pryor, 151 So. 392, which was an action of quo warranto against R. E. L. Pryor to determine by what authority he claimed the right to exercise the office and powers of member and Chairman of the Republican Executive Committee of the State of Florida. In the opinion in that case, which was written by Mr. Justice ELLIS, attention is directed to the fact, among others, that the plea of the respondent alleged that in the primary election he had received a plurality of the votes cast for the position he sought. This fact is

not emphasized in the opinion, but the demurrer to the respondent's plea, alleging this fact among others, was overruled and the sufficiency of the plea upheld. . The last paragraph of the opinion closes with this statement:

"The applicability of Section 8180, Comp. Gen. Laws 1927, is not apparent. That section prescribes a penalty for willfully violating any provision of the primary law and is a criminal statute. The penalties and forfeitures prescribed follow upon a conviction of the offense. Under Section 361, Comp. Gen. Laws 1927, the selection of a committeeman at a primary election constitutes an election of such person and not a nomination."

While the question here presented is not free from difficulty, we are disposed to follow the reasoning in the above quoted opinion of the then Attorney General and to hold that under the facts alleged in the petition and in the alternative writ, Mr. Barrs was duly elected as the Duval County member of the State Democratic Executive Committee in the primary election held on June 5th and therefore the motion to quash the alternative writ should be granted.

ELLIS, J., and JOHNSON, Circuit Judge, concur.

WHITFIELD, TERRELL and BUFORD, J. J., dissent.